UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY GREINER,
       Plaintiff,

-vs.-                                 **DEMAND FOR JURY TRIAL**


NCO FINANCIAL SYSTEMS, INC.,
a Pennsylvania corporation and
CONSUMERS ENERGY COMPANY,
a Michigan corporation,
jointly and severally,
       Defendants.
_____

# COMPLAINT & JURY DEMAND

     Plaintiff, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

# PARTIES

3. The Defendants to this lawsuit are:

a. NCO Financial Systems, Inc. ("NCO") which is a Pennsylvania company that maintains registered offices in Oakland County; and

b. Consumers Energy Company ("Consumers") which is a Michigan company that maintains registered offices in Oakland County

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Monroe County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendants are attempting to collect a consumer type debt allegedly owed by Plaintiff to Consumers Energy Company in the amount of $776.27.

7. Plaintiff previously filed Chapter 7 Bankruptcy and it was discharged on or about January 10, 2012.

8. The debt at issue in this case was discharged in Plaintiff's Chapter 7 Bankruptcy.

9. Sometime in August 2012, Plaintiff called Consumers Energy Company ("Consumers"), to turn the power on in her home. During this conversation, Consumers' representative told Plaintiff that they were not going to turn the power on unless she paid them about $1,000.00. When Plaintiff objected, Consumers' representative said "We can't do anything until you pay the unpaid balance" and then they gave the address in which the unpaid balance was related to.

10. During this conversation, Plaintiff told Consumers Energy that she did not owe this alleged debt because it was discharged in her bankruptcy. The Consumers Energy representative told Plaintiff that she did not know anything about the bankruptcy.

11. On or about September 28, 2012, Plaintiff received a letter from Defendant, NCO Financial Systems, Inc. attempting to collect on this discharged debt.

12. On or about October 29, 2012, NCO Financial Systems, Inc. sent Plaintiff another letter attempting to collect on this alleged debt.

13. Defendant, NCO Financial Systems, Inc. started calling Plaintiff attempting to collect on this alleged debt sometime in November 2012.

14. When Plaintiff first spoke with NCO Financial Systems, Inc., she told a representative that she did not owe this alleged debt because it was discharged in her bankruptcy. NCO's representative told Plaintiff that they did not know anything about Plaintiff's bankruptcy.

15. NCO Financial Systems, Inc. has continued to call Plaintiff after she told them that the debt was discharged in her bankruptcy.


## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT - NCO

16. Plaintiff reincorporates the preceding allegations by reference.

17. At all relevant times NCO, in the ordinary course of its business, regularly engaged in the practice of collecting consumer type debts that it purchases after the debt has been defaulted on by the consumer.

18. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

3

19. NCO is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

20. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq. including but not limited to:

    a.  15 U.S.C. §1692e by:

        i.  falsely representing to the Plaintiff that she owes any debt to Consumers;

        ii.  falsely representing the character, amount or legal status of that debt to the Plaintiff;

    b.  15 U.S.C. §1692g by failing to provide validation of the debt after the Plaintiff disputed it with NCO.

21. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE - NCO

22. Plaintiff incorporates the preceding allegations by reference.

23. NCO is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

24. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

25. NCO's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

26. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

27. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT - NCO AND CONSUMERS

28. Plaintiff incorporates the preceding allegations by reference.

29. Each Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act  ("MCPA"), at MCL § 445.251.

30. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

31. Defendants' foregoing acts in attempting to collect this alleged debt violated MCL §445.252

32. Plaintiff has suffered damages as a result of these violations of the MCPA.

33. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a.   Actual damages.

b.   Statutory damages.

c.   Treble damages.

d.   Statutory costs and attorney fees.

Respectfully submitted,


November 29, 2012
/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com